UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FAMILIES BELONG TOGETHER – WASHINGTON COALITION and MOHAMMED KILANI,<br><br>                    Plaintiffs,<br><br>    v.<br><br>THE CITY OF SEATAC, and JEFF ROBINSON, AS AN INDIVIDUAL AND AS AN EMPLOYEE OF SEATAC,<br><br>                    Defendants. | NO.<br><br>COMPLAINT<br><br>JURY DEMAND |

## I.    INTRODUCTION

1.1    This is a civil rights action under 42 U.S.C. § 1983 and the laws of the state of Washington challenging the legality of SeaTac Municipal Code 11.10.100 (D) – a vague municipal code provision that authorizes the City of SeaTac ("the City") to charge prohibitive fees to event organizers attempting to exercise their constitutionally protected rights to free speech and public assembly. SeaTac Municipal Code 11.10.100 (d) purports to charge event organizers what it calls the "actual" cost of public safety resources spent by the City during the course of permitted events. The amount of the costs assessed, however, is determined by the City administration based on the City's own assessment of how the public will respond to the event. Such a content-based determination of the fees assessed against an event organizer is unconstitutional both on its face

COMPLAINT - 1

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

and as applied, under both the federal and state constitutions.

1.2     Plaintiffs in this case organized a well-attended First Amendment event – a rally to protest the "family separation" policy for immigrants detained at the US-Mexico border instituted by President Donald Trump. Plaintiffs sought and received a permit for the event, which was to be held outside the federal detention facility in the City of SeaTac where immigrant parents were being held separately from their children. After the peaceful event, Plaintiff Kilani received an invoice in excess of $37,000, justified as the "actual cost" to the City, impermissibly chilling constitutionally protected free speech and assembly rights.

1.3     Under the First Amendment to the United States Constitution and Article 1, Section 5 of the Washington State Constitution, government policies that purport to authorize assessment of costs for public safety services are necessarily content-based and facially invalid. Further, while SeaTac purports to charge only the "actual" costs associated with the events, no guidance is given on how to determine such costs. Administrators have unfettered discretion to determine which services will be "required" by the City to assist in or respond to the protected activity. Further, organizers of events likely to draw counter-protesters, such as Plaintiffs, could presumably be charged for the cost of public safety services to control actual or anticipated counter-protesters, creating an effective "heckler's veto." Finally, organizers of events are not provided any cost estimate prior to events detailing what charges they will or may be responsible for other than a non-exhaustive list buried deep within the SeaTac municipal code, so that they can only guess whether they can afford to exercise their constitutionally protected speech and assembly rights.

1.4     Because organizers are not provided an estimate of charges before the event, organizers have no way to preemptively challenge the financial burdens that may be imposed upon them. Nor is there any guidance provided about potential cost. This lack of clarity can result in significant chill in the right to free speech because people such as Plaintiffs will be less likely to plan events when it is not clear if they will get a bill for $5, $500, $50,000, or $500,000 after said event. For this reason too, SeaTac's policy violates the First Amendment to the U.S. Constitution

COMPLAINT - 2

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

and Article 1, Section 5 of the Washington State Constitution.

1.5     The City's policy also violates these same provisions of the federal and state constitutions because they leave no reasonable alternatives for large gatherings of people to share their views on matters of public concern within the City without undue burden on the exercise of that right.

1.6     Plaintiffs ask this Court to enjoin the City from continuing to apply a public-safety charge against organized speech and assembly events on the streets of SeaTac. The City should also be preliminarily enjoined from taking any further enforcement action against the Plaintiffs regarding the over $37,000 in charges already assessed for the rally.

## II.     THE PARTIES

2.1     "Families Belong Together – Washington" ("the Coalition") is an unincorporated association comprised of individual and organizational members.  Over 30 organizations concerned about the family separation policies of the Trump administration are members of the Coalition. The Coalition was the organizing body for the local "Families Belong Together" rally, part of a national day of action by the same name, held outside the Federal Detention Center in the City of SeaTac on June 30, 2018.

2.2     The City of SeaTac ("the City") is a governmental entity and a political subdivision of the State of Washington and is a "person" for purposes of 42 U.S.C. § 1983 and Washington law.

2.3      Mohammed Kilani is an individual and a member of Families Belong Together. Mr. Kilani submitted the permit application on behalf of the Coalition and was the recipient of the invoice and past due notice from the City.

2.4     Jeff Robinson is sued in his individual and official capacity as the Director of Department of Community and Economic Development of the City.  At all relevant times, Mr. Robinson was acting as an agent or employee of the City and was acting under color of state law.

COMPLAINT - 3

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

COMPLAINT - 3

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

### III.   JURISDICTION AND VENUE

3.1   This action arises under the First and Fourteenth Amendments to the United States Constitution and Article 1, Sec. 5 of the Washington Constitution, and is authorized pursuant to 42 U.S.C. § 1983 in relation to the deprivation of the Plaintiffs' constitutional rights. Accordingly, the Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3.2   Venue is proper under 28 U.S.C. § 1391(b). Each and all of the acts alleged were done by the Defendants within King County, Washington.

3.3   This Court is authorized to grant declaratory judgment under 28 U.S.C. §§ 2201-02 and to issue injunctive relief requested by the Plaintiff under Rule 65 of the Federal Rules of Civil Procedure, the requested injunctive relief under 28 U.S.C. § 1343(3), the requested damages under 28 U.S.C. § 1343(3), and attorney's fees and costs under 42 U.S.C. § 1988.

### IV.   FACTUAL BACKGROUND

4.1   In April of 2018, the Trump administration launched its "Zero Tolerance" policy in regard to immigration at the U.S.-Mexico border.  Under the new protocol, federal authorities separated children from their parents, relatives, or other adults who accompanied them in crossing the border. The policy involved prosecuting all adults who were detained at the U.S.-Mexico border, sending the parents to federal detention facilities, and placing children and infants under the supervision of the U.S. Department of Health and Human Services.  According to government officials, the policy led to the separation of almost 3,000 children from their parents.

4.2   In response to the family separation policy, a national coalition called Families Belong Together called for a nationwide day of action to protest the Trump administration's harsh deterrent approach to immigration policies and to call for the reunification of families separated and detained as a result of those policies' implementation.

4.3   Upon learning of the family separation policy and the national call to action, local activist Palmira Figueroa called together a meeting to organize a collective response to the

COMPLAINT - 4

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

inhumane practices of the federal administration. Ms. Figueroa, an immigrant herself, has spent 16 years working on immigrant rights issues and was outraged at the cruel policies being instituted by the Trump administration. Under her leadership and guidance, a diverse group of organizations including civil rights, immigrant rights, religious, and labor organizations joined together to form the local "Families Belong Together – Washington" coalition. The Coalition decided to engage in a week of actions protesting the treatment of immigrants under the current federal administration. One of the actions was to be a rally outside of the Federal Detention Center in the City of SeaTac on June 30th.

4.4    The location and focus of the Families Belong Together rally was the Federal Detention Center located along South 200th Street in the City, which is used as a holding facility for mothers separated from their children at the U.S.-Mexico border. The detention center is just one block east of International Boulevard, a street that is home to dozens of small businesses owned and operated by migrants from around the world.

4.5    Mr. Kilani, who holds a Masters in International Studies, attended the planning meeting and agreed to submit a permit application on behalf of the Coalition for the local Families Belong Together rally for the national day of action. Mr. Kilani sought a permit in order to coordinate the rally with the City.

4.6    Mr. Kilani submitted a Right-of-Way (ROW) Class A permit application ("the permit") on June 28, 2018, describing the event to be permitted as "peaceful demonstration and rally against family separation." In the permit application, he accurately described the location and nature of the event. The City granted the permit on June 29, 2018.

4.7    On June 30th, the event commenced peacefully and without incident. The event took place as described in the permit, with a peaceful rally outside of the detention center. The event was attended by thousands of individuals who shared concerns about the family separation policies of the federal government. Speakers included State Senator Rebecca Saldana, as well as immigrants and refugees who shared their stories of coming to the United States. After the rally,

COMPLAINT - 5

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415

organizers took care to clean up and remove all protest signs, acting as good neighbors to the local businesses and surrounding residents.

4.8     On July 2nd, Mr. Kilani received an invoice from the City alleging $37,075.61 in fees and costs for the Rally.  Of the invoiced costs, "crowd control - police services" comprise $30,847.49 and "crowd control – public works" another $5,810.20, with the remainder being several hundred dollars of permit and technology fees. No explanation of or opportunity to appeal the fee determination was provided, nor was an exemption provided for those unable to pay.

4.9     In September 2018, Mr. Kilani received a second notice from SeaTac attempting to collect the claimed amount owed of over $37,000.  The notice was stamped "Past Due."

4.10    At no time in the permitting process did anyone inform Mr. Kilani that he might be responsible for tens of thousands of dollars in police costs to ensure the safety of those seeking to engage in constitutionally protected speech.  He was not provided with a written or verbal cost estimate, nor was he informed that the City would pass on to him personally the cost of doing its duty of protecting persons engaged in lawful and protected conduct.

4.11    Had Mr. Kilani been informed of the cost prior to the event, he would not have personally sought a permit, and his and the Coalition's First Amendment rights would have been circumscribed. Alternatively, Mr. Kilani and/or the Coalition may have sought a restraining order precluding the City from charging the exorbitant fee.

4.12    Now, aware that substantial costs in unknown amounts may be assessed by the City for the exercise of a constitutional right, Mr. Kilani and some other organizers are unwilling to accept the risk of potentially being personally charged tens of thousands of dollars or more based on the unfettered discretion of City representatives. This restricts their free exercise of constitutionally-protected rights and deters them from holding lawful, permitted rallies in the future.

//

//

COMPLAINT - 6

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

## V.     CAUSES OF ACTION

The foregoing allegations are hereby incorporated into each of the counts below:

### 5.1    **Count 1- Free Speech and Assembly**

First Amendment to the U.S. Constitution & 42 U.S.C. § 1983

The City's policy that purports to allow the City to charge for basic public safety services for expressive events and assemblies in the public spaces of the City, on its face and as applied, violates the First Amendment to the United States Constitution, placing an undue burden on the exercise of speech and assembly rights, according unfettered discretion to local officials to impose crushing costs on those organizing political speech and assembly events, and chilling the exercise of these fundamental liberties.

### 5.2    **Count 2 - Free Speech and Assembly**

Article 1, Section 5 of the Washington Constitution

Protections for free speech and assembly under the Washington Constitution are broader than concomitant protections under the First Amendment.  The City policy at issue violates these state constitutional provisions for the same reasons that it violates the First Amendment, described above.

### 5.3    **Count 3 - Due Process**

14th Amendment to the United States Constitution

By failing to have definite standards for determining what charges will be assessed and by failing to have a process for appealing assessed charges, the City is violating Plaintiffs' rights to due process.

## VI.     PRAYERS FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

1.     Preliminarily and permanently enjoin Defendants from (i) taking any collection action with respect to Mr. Kilani or others affiliated with the Coalition for costs allegedly associated with the June 2018 assembly; (ii) charging for public safety services in City spaces or

COMPLAINT - 7

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

other public fora pending further order of the Court, and (iii) holding out to the public that the City might charge organizers for public safety services for speech and assembly events in City spaces or other public fora pending further order of the Court;

    2.    Declare that (i) the imposition of public safety service fees for the June 30, 2018 Families Belong Together Rally and (ii) the City's policy authorizing the fees as a condition for a permit to assemble and speak in City right-of-ways violate the First Amendment to the U.S. Constitution and Article 1, Sec. 5 of the Washington Constitution;

    3.    Award Plaintiffs' counsel reasonable attorneys' fees and costs; and

    4.    Award such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

PLAINTIFFS hereby demand trial by a jury.

DATED this 21st day of December, 2018.

**PETERSON | WAMPOLD ROSATO | FELDMAN | LUNA**

/s/ Felix G. Luna
Felix Gavi Luna, WSBA No. 27087
Attorney for Plaintiff
1501 4th Avenue, Suite 2800
Seattle, WA 98101
Ph: (206) 624-6800
luna@pwrfl-law.com

**PETERSON | WAMPOLD ROSATO | FELDMAN | LUNA**

/s/ Tomás A. Gahan
Tomás A. Gahan, WSBA No. 32779
Attorneys for Plaintiff
1501 4th Avenue, Suite 2800
Seattle, WA 98101
Ph. (206) 624-6800
gahan@pwrfl-law.com

COMPLAINT - 8

Peterson | Wampold
Rosato | Feldman | Luna
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3677
PHONE: (206) 624-6800
FAX: (206) 682-1415